## LAKE v. OWENS et al.

### L. A. No. 1512; January 25, 1905.

#### 79 Pac. 589.

**Trustee.—The Fact That the Purchaser of an Interest in a Mine** was acting in the relation of trustee of such interest for the seller did not affect the validity of the purchase, it being a fair and open transaction for full value.

**Appeal—Conflicting Evidence.—The Findings of Fact by the Court** on conflicting evidence will not be disturbed on review.

APPEAL from Superior Court, San Bernardino County; Frank F. Oster, Judge.

Action for the cancellation of an instrument by E. S. Lake against Phoebe Ann Owens, executrix of J. A. Owens, deceased, and another. From a judgment for defendants and an order denying a new trial plaintiff appeals. Affirmed.

T. W. Duckworth and Henry W. Nisbet for appellant; Chas. L. Allison and C. C. Haskell for respondents.

CHIPMAN, C.—Plaintiff brings the action to rescind a certain agreement to sell to defendant C. W. Owens an undivided sixteenth interest in the so-called "San Bernardino Iron Mines"; also to rescind the deed subsequently made thereto by plaintiff in pursuance of said agreement, and to cancel both said instruments. The cause was tried by the court sitting without a jury, and the findings and judgment were in favor of defendants that plaintiff take nothing by his action. Plaintiff appeals from the judgment and from the order denying his motion for a new trial.

Plaintiff alleged, and it was found, that he was the owner of an undivided sixteenth interest in the said mines, the testator of defendant Phoebe Owens being also at his death the owner of an undivided, but not the whole of the remaining, interest therein. Defendant Phoebe Owens, widow of deceased, duly qualified as executrix, and was by his will named as sole devisee of her husband's estate, and inventoried the said mines as property of the estate. Subsequently, to wit, December 18, 1901, defendant C. W. Owens, son of deceased and defendant Phoebe Owens, procured from plaintiff a written contract, by which plaintiff agreed to sell his said interest in said mines to said defendant C. W. Owens for $200, and later, to wit, on February 8, 1902, plaintiff conveyed his said interest to defendant Phoebe pursuant to the directions of defendant C. W. Owens, and upon receiving full payment as provided in said contract. Plaintiff alleges in his complaint that he was induced to enter into said contract through the false and fraudulent representations of said C. W. Owens; that he (plaintiff) was an old man, infirm in bodily health and strength, and an inmate of the county hospital; that he reposed confidence in said Owens, and believed the representations made by him, and acted wholly upon said representation, among others, that plaintiffs' interest in said mines was not of greater value than $200; that soon after he had executed and delivered said deed he discovered that the defendants had, previously to the making of said contract and the delivery of said deed, joined in a contract for the sale of said mines for a sum which (had the contract been carried out) would have yielded to plaintiff $1,200 for his share therein, which fact defendants well knew and purposely concealed from plaintiff; and thereupon plaintiff gave notice to defendants rescinding said contract and deed, and offered to restore to defendants everything of value received from them by plaintiff. Without stating fully the allegations of the complaint, it may be conceded that plaintiff sets forth facts which, had the court found them to be true, would have entitled him to relief. But the court found that the said contract of sale made by defendants was but an option, and that "there had not been paid to either of the defendants any sum of money therefor, or upon said contract, and there was no means of ascertaining whether the said company (the purchaser) would purchase

the mines and pay therefor or not.'' The court found against the plaintiff on all his allegations of fraud, misrepresentations, concealment and claims of plaintiff, having reposed confidence in defendant C. W. Owens in making said contract, and found that the transaction was fair and open, that plaintiff was acting on the advice of a friend other than defendant Owens, and that the price paid ''was the fair market value'' of plaintiff's interest in the mines. In view of the findings, we cannot see that the case presents any questions for serious discussion. If by the circumstances that in his lifetime deceased, Owens, held plaintiff's title in his name, and managed plaintiff's interest in the mines, and for that reason became trustee, and if this trust relation in some degree survived in the executrix, as claimed by plaintiff, still she could make the purchase of plaintiff's interest by fair and open dealing free from fraud, and for full value, as the court found was the fact. It is not entirely clear from the evidence that defendant C. W. Owens was acting for his mother when he procured the agreement to purchase the mines from plaintiff. But as the deed was made to her, and the payment also made by her, it is fair to assume that her son was acting as her agent. Plaintiff's principal contention is that this agent should have informed plaintiff of the then outstanding option, above referred to, and that the concealment of the fact is of itself sufficient to require a rescission of the contract. The evidence is conflicting as to what occurred between C. W. Owens and plaintiff and plaintiff's friend, by whose advice plaintiff in fact made the contract. Defendant Owens explained on the witness-stand all the facts and circumstances and why he did not mention the fact of the option. The trial court must have accepted defendants' evidence, and we think it was sufficient to support the findings negativing plaintiff's claim that he was misled by defendants' fraudulent concealment of important facts, as also is the evidence sufficient to support the other findings which themselves support the judgment.

It is advised that the judgment and order be affirmed.

We concur: Gray, C.; Cooper, C.

For the reasons given in the foregoing opinion, the judgment and order are affirmed; Van Dyke, J.; Angellotti, J.

I concur in the judgment: Shaw, J.